United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

R.M.V.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 25-cv-08435-PHK

**ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS**

Re: Dkts. 4, 8

On October 2, 2025, Plaintiff R.M.V., purportedly by and through an individual herein referred to as "S.V.," filed the Complaint in this action and an application to proceed *in forma pauperis* ("IFP"). [Dkt. 1; Dkt. 2]. The Complaint asserts claims exclusively on behalf of Plaintiff R.M.V., although it is signed "for" R.M.V. by S.V., an individual who neither identifies themselves as, nor appears to be, a licensed attorney. [Dkt. 1 at 2].

S.V. contemporaneously filed an IFP application in S.V.'s own name and on S.V.'s own behalf, which is signed only by S.V. and filled out with information only as to S.V.'s income, assets, expenses, and debts. [Dkt. 2]. The IFP application does not include any information regarding Plaintiff R.M.V.'s finances. *Id.*

On November 4, 2025, the Court issued an Order denying S.V.'s IFP application without prejudice as procedurally and substantively defective, because the IFP application was not signed

---

[1] It appears that this lawsuit may be seeking review of an adverse decision regarding Social Security benefits. Accordingly, as is the Court's practice in Social Security cases and out of an abundance of caution, the Court will refer to the Plaintiff and the IFP applicant in this public Order only by their first and last initials out of an abundance of caution and regard for any potential privacy concerns.

by the actual named plaintiff (R.M.V.) and contains no information concerning the named plaintiff's finances. [Dkt. 4]. S.V. is not the named plaintiff and thus has no standing to seek IFP status. *Id.* at 3. That NOrder set a deadline of December 5, 2025 for R.M.V. to file their own IFP application, signed by R.M.V. and setting forth R.M.V.'s financial information. *Id.* at 5.

Further, because the Complaint is not signed by R.M.V. in their own name proceeding *in propria persona*, but instead is signed "for" R.M.V. by a person who appears to be a non-lawyer (S.V.), the Court also *sua sponte* granted Plaintiff R.M.V. leave to file an amended complaint curing the pleading's facial defects by no later than December 5, 2025. *Id.*

On November 18, 2025, nonparty S.V. filed a motion requesting additional time for Plaintiff R.M.V. to file an amended complaint in this case. [Dkt. 7]. On December 9, 2025, the Court denied S.V.'s motion on the grounds that S.V. lacked standing or authority to file pleadings or motions in this case. [Dkt. 8]. Again, at that time, S.V. provided no information that S.V. is an attorney. Pursuant to this Court's inherent discretionary authority, and in the interests of justice, the Court *sua sponte* extended the deadline by which Plaintiff R.M.V. must file an amended complaint to February 5, 2026. *Id.*

To date, Plaintiff R.M.V. has neither filed an amended complaint nor requested a further extension of time from the Court to do so. The February 5, 2026 deadline for filing an amended complaint has passed by over two months without any communication from Plaintiff R.M.V. to the Court.

Further, to date, Plaintiff R.M.V. has neither filed their own IFP application by the December 5, 2025 deadline nor paid the filing fee for this case. While the December 9, 2025 Order did not explicitly extend the time for R.M.V. to file their own IFP application, treating the February 5, 2026 extended deadline as inherently applicable to the IFP application would not avail Plaintiff because Plaintiff has still never filed their own IFP application in this case.

The Court possesses the inherent power to dismiss an action *sua sponte* if the plaintiff fails to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders). Plaintiff R.M.V. is

United States District Court
Northern District of California

hereby warned that failure to comply with this Court's orders and failure to prosecute this case, including failure to respond to this Order to Show Cause and further including failure to file an amended complaint by the deadline, and failure to file their own IFP application, will result in negative consequences for Plaintiff R.M.V., **including dismissal of this action**.

Accordingly, by no later than **MAY 29, 2026**, Plaintiff shall either (1) file a written response to this Order explaining why this action should not be dismissed for failure to prosecute this case or for failure to comply with this Court's directives and orders, or (2) file both an amended complaint and an IFP application (or pay the filing fee), each as required by (and curing the deficiencies noted in) this Court's November 4, 2025 Order.  If Plaintiff needs yet additional time to prepare and file an amended complaint and/or an IFP application, Plaintiff **SHALL** explain and show good cause why and how much additional time is needed.

The Court's November 5, 2025 Order and the Court's December 9, 2025 Order both warned Plaintiff that failure to file an amended complaint and failure to file an IFP application (or pay the filing fee) by the deadlines set in each Order would result in negative consequences, including the reassignment of this case with a recommendation that this case be dismissed.  *See* Dkt. 4 at 5 ("If R.M.V. does not file an IFP application on their own behalf or does not pay the filing fee by the December 5, 2025 deadline, the Court may issue an order directing the Clerk to reassign this case to a District Judge along with a recommendation that this case be dismissed for the reasons stated herein, including for failure to prosecute and for failure to obey a Court Order."); Dkt. 8 at 2 ("R.M.V.'s failure to file an amended complaint by the deadline herein may result in negative consequences for Plaintiff R.M.V.'s case, including the potential for dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or for failure to obey Court Orders.").  If Plaintiff fails to respond to this Order to Show Cause by the deadline set herein, the Court will reassign this action to a District Judge with the recommendation that this action be dismissed without prejudice for failure to prosecute and for failure to comply with court orders.

The Clerk is directed to mail a copy of this Order to Show Cause to Plaintiff at their

United States District Court
Northern District of California

3

address of record.

**IT IS SO ORDERED.**

Dated: April 14, 2026

PETER H. KANG
United States Magistrate Judge