United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| R.M.V.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.  25-cv-08435-PHK <br><br> **REPORT AND RECOMMENDATION FOR DISMISSAL WITHOUT PREJUDICE; ORDER OF REASSIGNMENT OF CASE** <br><br> Re: Dkt. Nos. 8, 9 |

**BACKGROUND**

On October 2, 2025, Plaintiff R.M.V., purportedly by and through an individual herein referred to as "S.V.," filed the Complaint in this action and an application to proceed *in forma pauperis* ("IFP"). [Dkts. 1, 2]. The Complaint asserts claims exclusively on behalf of Plaintiff R.M.V., although it is signed "for" R.M.V. by S.V., an individual who neither identifies themselves as, nor appears to be, a licensed attorney. [Dkt. 1 at 2].

S.V. contemporaneously filed an IFP application in S.V.'s own name and on S.V.'s own behalf, which is signed only by S.V. and filled out with information only as to S.V.'s income, assets, expenses, and debts. [Dkt. 2]. The IFP application does not include any information regarding Plaintiff R.M.V.'s finances. *Id.*

On November 4, 2025, the Court issued an Order denying S.V.'s IFP application without

---

[1] It appears that this lawsuit may be seeking review of an adverse decision regarding Social Security benefits. Accordingly, as is the Court's practice in Social Security cases and out of an abundance of caution, the Court will refer to the Plaintiff and the IFP applicant in this public Order only by their first and last initials out of an abundance of caution and regard for any potential privacy concerns.

prejudice as procedurally and substantively defective, because the IFP application was not signed by the actual named plaintiff (R.M.V.) and contains no information concerning the named plaintiff's finances. [Dkt. 4]. S.V. is not the named plaintiff and thus has no standing to seek IFP status. *Id.* at 3. That Order set a deadline of December 5, 2025 for R.M.V. to file their own IFP application, signed by R.M.V. and setting forth R.M.V.'s financial information. *Id.* at 5.

Further, because the Complaint is not signed by R.M.V. in their own name proceeding *in propria persona*, but instead is signed "for" R.M.V. by a person who appears to be a non-lawyer (S.V.), the Court also *sua sponte* granted Plaintiff R.M.V. leave to file an amended complaint curing the pleading's facial defects by no later than December 5, 2025. *Id* at 4.

On November 18, 2025, nonparty S.V. filed a motion requesting additional time for Plaintiff R.M.V. to file an amended complaint in this case. [Dkt. 7]. On December 9, 2025, the Court denied S.V.'s motion on the grounds that S.V. lacked standing or authority to file pleadings or motions in this case. [Dkt. 8]. Again, at that time, S.V. provided no information that S.V. is an attorney. Pursuant to this Court's inherent discretionary authority, and in the interests of justice particularly where a *pro se* plaintiff appears to be involved, the Court *sua sponte* extended the deadline by which *pro se* Plaintiff R.M.V. must file an amended complaint to February 5, 2026. *Id.*

Plaintiff R.M.V. neither filed an amended complaint nor requested a further extension of time from the Court to do so. The February 5, 2026 deadline for filing an amended complaint passed over four months ago without any communication from Plaintiff R.M.V. to the Court.

Further, Plaintiff R.M.V. neither filed their own IFP application by the December 5, 2025 deadline nor paid the filing fee for this case. While the December 9, 2025 Order did not explicitly extend the time for R.M.V. to file their own IFP application, treating the February 5, 2026 extended deadline as inherently applicable to the IFP application would not be of any use to Plaintiff because Plaintiff has still never filed their own IFP application in this case.

On April 14, 2026, the Court issued an Order to Show Cause for Failure to Prosecute and Comply with Court Orders. [Dkt. 9]. This Order required Plaintiff R.M.V. to "(1) file a written response to this Order explaining why this action should not be dismissed for failure to prosecute

this case or for failure to comply with this Court's directives and orders, or (2) file both an amended complaint and an IFP application (or pay the filing fee), each as required by (and curing the deficiencies noted in) this Court's November 4, 2025 Order." *Id.* at 3. Almost two months have passed from that Order to Show Cause ("OSC"). To date, Plaintiff has not responded to the OSC, has not filed an amended complaint, has not filed an IFP application in their own name, and has not paid the filing fees for this case.

**DISCUSSION**

The Court possesses the inherent power to dismiss an action *sua sponte* if the plaintiff fails to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders). Based on Plaintiff R.M.V.'s failure to respond two prior Orders from the Court and Plaintiff's most recent failure to respond to the Order to Show Cause, the Court finds that sufficient grounds exist to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff has plainly failed to obey Court Orders and failed to diligently prosecute this action.

Before imposing dismissal as a sanction, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quoting *Yourish*, 191 F.3d at 990). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish*, 191 F.3d at 990).

Here, Plaintiff has failed to comply with this Court's Order to Show Cause and has failed to comply with this Court's previous Orders to file an amended complaint and to file an application to proceed in *forma pauperis* in their own name (or pay the filing fees). *See* Dkts. 4, 8, 9. The Court finds that an analysis of all the factors, in total, strongly favors a conclusion that this

3

action should be dismissed.

As to the first factor, the public's interest in expeditious resolution of litigation will be satisfied by dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish*, 191 F.3d at 990) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Absent dismissal, the case will remain in limbo indefinitely, given Plaintiff's failures to file responses to three previous Orders of this Court.

Relatedly, as to the second factor, the Court's need to manage its docket will be served by dismissing this action. *Id.* ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants[.]").

The third factor marginally favors dismissal. While "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," unreasonable delay creates a presumption of prejudice. *Id.*; *see also In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). Here, while Defendant has not yet been served, there is potentially some quantum of prejudice to having an open action against them on the public docket. Plaintiff's continuing delay and inaction also risks prejudice to Defendant due to the potential loss of evidence based on the passage of time, difficulty in locating evidence that may end up getting archived or stored in difficult-to-retrieve locations or electronic formats, fading of witnesses' memories, and loss of access or control over employees or other witnesses (due to changes in jobs, moving to other nations or other parts of this country, unavailability due to disability or death, or other such circumstances). *See Pagtalunan*, 291 F.3d at 643 (finding that stale evidence and faded memories create risks of prejudice); *see also Andrews v. Humboldt Cnty.*, No. 23-cv-02421-RMI, 2023 WL 6629788, at *2 (N.D. Cal. Oct. 10, 2023) (noting witness unavailability as one basis to find prejudice). The Court is cognizant that the delay here only risks such prejudice (as opposed to a situation where such prejudice has been shown to actually exist), and thus the Court finds that this factor only marginally favors dismissal.

The fourth and fifth factors also favor dismissal of this action. The Court's November 4, 2025 Order, December 9, 2025 Order, and the April 14, 2026 Order to Show Cause warned Plaintiff R.M.V. that failure to file an amended complaint and failure to file an IFP application (or

pay the filing fee) by the deadlines set in each Order would result in negative consequences, including the reassignment of this case with a recommendation that this case be dismissed. *See* Dkt. 4 at 5 ("If R.M.V. does not file an IFP application on their own behalf or does not pay the filing fee by the December 5, 2025 deadline, the Court may issue an order directing the Clerk to reassign this case to a District Judge along with a recommendation that this case be dismissed for the reasons stated herein, including for failure to prosecute and for failure to obey a Court Order."); Dkt. 8 at 2 ("R.M.V.'s failure to file an amended complaint by the deadline herein may result in negative consequences for Plaintiff R.M.V.'s case, including the potential for dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or for failure to obey Court Orders."); Dkt. 9 at 3 ("If Plaintiff fails to respond to this Order to Show Cause by the deadline set herein, the Court will reassign this action to a District Judge with the recommendation that this action be dismissed without prejudice for failure to prosecute and for failure to comply with court orders").  Plaintiff here has been amply warned multiple times.

By requiring Plaintiff to explain why this case should not be dismissed for lack of prosecution and allowing Plaintiff to satisfy the Order to Show Cause, Plaintiff was on notice that the failure to adequately respond to the Order to Show Cause would result in the dismissal of this action. [Dkt. 9].  Despite this notice, Plaintiff made no attempt to respond to the Order to Show Cause or otherwise show diligence in the prosecution of this case. *Villalobos v. Vilsack*, 601 F. App'x 551, 552 (9th Cir. 2015) (affirming district court's dismissal without prejudice for failure to prosecute after the plaintiff did not respond to order to show cause).

Finally, the Court has considered whether lesser sanctions are appropriate. Here, the Court concludes that dismissal ***without*** prejudice is appropriate.  *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("[D]ismissal without prejudice is a more easily justified sanction for failure to prosecute.").  If this lawsuit is not being pursued and merely sits in limbo, there is no opportunity to resolve the action on its merits or to apply other sanctions (short of dismissal). Realistically, monetary sanctions or other lesser sanctions imposed against a *pro se* litigant may not be either practical or proportionate because, for a *pro se* Plaintiff seeking leave to proceed in *forma pauperis*, monetary sanctions may be unintentionally or unnecessarily punitive. As a corollary,

United States District Court
Northern District of California

5

monetary sanctions imposed on a *pro se* Plaintiff seeking IFP status may be ineffective and illusory because they may be uncollectable. Further, this action is in its infancy and it is recommended that dismissal be without prejudice; the severity of such a sanction is significantly mitigated in this context.

As the foregoing record shows, Plaintiff has been given numerous warnings and opportunities to explain themselves to avoid this outcome. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent."). Having considered all the relevant factors and applicable legal standards, the Court finds that the dismissal of this case without prejudice for failure to prosecute and for failure to obey Court Orders is appropriate. *See Dreith*, 648 F.3d at 788. Accordingly, the Court finds appropriate, and thus **RECOMMENDS**, the "less-drastic" sanction of dismissal of this action without prejudice. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.").

### CONCLUSION

For all the reasons discussed herein, the Court **ORDERS** that the Order to Show Cause [Dkt. 9] is made **ABSOLUTE**.

Given the procedural posture of this case, the Defendant has not yet been served with the Complaint and thus not all Parties have consented to Magistrate Judge jurisdiction in this matter. *See* 28 U.S.C. § 636.  Accordingly, the Court **ORDERS** that this case be reassigned to a District Judge for resolution in light of this **REPORT** and **RECOMMENDATION** that the case be **DISMISSED WITHOUT PREJUDICE** for failure to diligently prosecute this case and failure to obey Court Orders, including for failure to respond to the April 14, 2026 Order to Show Cause [Dkt. 9], and for failure to comply with the Orders issued on November 4, 2025 and December 9, 2025 [Dkts. 4, 8].  *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances.").

**If Plaintiff wishes to file an objection to this Report and Recommendation, Plaintiff**

**must do so within fourteen (14) days of the date on which Plaintiff receives this Report and Recommendation.**

The Clerk of Court is **DIRECTED** to send a copy of this Order and Report and Recommendation for Dismissal to Plaintiff's address of record.

**IT IS SO ORDERED AND IT IS SO REPORTED AND RECOMMENDED.**

Dated: June 11, 2026

_____

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

7